UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PROJECT VIDA AND P.V. COMMUNITY DEVELOPMENT CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY<br><br>Defendant. | Civil Action No.  3:20-cv-213 |

## NOTICE OF REMOVAL

Defendant Philadelphia Indemnity Insurance Company files this Notice of Removal, and, in support, respectfully shows the following:

**I.    THE COURT HAS DIVERSITY JURISDICTION**

Plaintiffs filed this lawsuit on February 14, 2020, in El Paso County, Texas, against Defendants Philadelphia Indemnity Insurance Company and Robert L. Betts, styled as *Project Vida and P.V. Community Development Corporation v. Philadelphia Indemnity Insurance Company and Robert L. Betts*, Cause No. 2020DCV0582, in the 327th Judicial District Court, El Paso County, Texas. The lawsuit involves an insurance claim Plaintiff submitted to Philadelphia. Philadelphia now removes this action on the basis of diversity jurisdiction because the Parties are diverse, and the amount in controversy exceeds $75,000.

**A.   The Plaintiffs and Philadelphia are Diverse**

Removal is proper under 28 U.S.C. §1441(b) because there is complete diversity of citizenship between Plaintiffs and Philadelphia, the only remaining defendant.

Plaintiffs initially filed this action against Philadelphia and insurance adjuster Robert L. Betts in state court. Philadelphia filed a motion to dismiss Betts pursuant to Texas Insurance Code Chapter 542A. The Court, on June 30, 2020, entered an order dismissing Betts with prejudice. *See* Ex. 4. Philadelphia is the sole remaining Defendant.

For purposes of diversity of citizenship, Plaintiffs Project Vida and P.V. Community Development Corporation are citizens of the State of Texas, because they are non-profit corporations formed under Texas law with their principal offices in El Paso, Texas. *See* Ex. 3, ¶3; *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding corporations are a citizen of the state in which they are incorporated and in the state in which their principal place of business is located). Philadelphia is a citizen of Pennsylvania, being an insurance company formed under Pennsylvania law with its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004. *Id*. Based on the foregoing, Plaintiff and Philadelphia are completely diverse within the meaning of §1332(a).

**B. The Amount in Controversy Exceeds $75,000**

Plaintiffs seek monetary relief greater than $1 million. *See* Ex. 3, ¶2. Therefore, the amount in controversy exceeds the $75,000 threshold required to invoke diversity jurisdiction. 28 U.S.C. §1332(a); *see St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

## II. VENUE IS PROPER

Venue is proper in this District and Division under 28 U.S.C. §§124(d)(3), 1441(a), and 1446(a) in that the Western District of Texas, El Paso Division encompasses El Paso, Texas, and is "the district and division embracing the place where such action is pending."

## III. REMOVAL IS TIMELY

This matter was filed on February 14, 2020. Agent for Service of Process accepted service on Philadelphia's behalf on February 24, 2020. Defendant Robert L. Betts was dismissed from the action on June 30, 2020, thereby leaving completely diverse parties. Therefore, this notice of Removal is timely pursuant to 28 U.S.C. §1446(b)(3) and (c)(1) because it is filed within 30 days after Philadelphia received notice of the state court's order dismissing Robert L. Betts, thereby making this action removable, and not more than 1 year after commencement of the action.

## IV. THE REMOVAL IS PROCEDURALLY CORRECT

Pursuant to 28 U.S.C. §1446(a), a copy of the service of process is attached hereto as Exhibit 1. Plaintiff's Original Petition and First Amended Original Petition are attached hereto as Exhibit 2. Plaintiff's Second Amended Original Petition, the live pleading, is attached hereto as Exhibit 3. The court's order dismissing Betts from this lawsuit is attached hereto as Exhibit 4. Pursuant to 28 U.S.C. §1446(d), promptly after Philadelphia files this Notice of Removal, written notice of the filing will be served on Plaintiffs, and a true copy of this Notice of Removal will be filed with the Clerk of the El Paso County District Court, the state court from which this action was removed.

## V. PRAYER

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), and the matter was removed in accordance with section 28 U.S.C. §1446. Accordingly, Philadelphia respectfully

prays that the United States District Court for the Western District of Texas, El Paso Division, file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
Texas Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to all counsel of record.

*/s/ Stephen A. Melendi*
Stephen A. Melendi